## IN RE APPLICATION OF BARRATT.

PATENTS; APPELLATE PRACTICE; PATENTABLE NOVELTY.

1. When all the tribunals of the Patent Office have decided adversely to an applicant for a patent, the concurrent decision will not be reversed except in a very clear case.
2. The record in a case appealed from the Commissioner of Patents upon his refusal to grant a patent for an alleged improvement in the construction of needle cylinders for knitting machines, examined and *held* insufficient to show that the appellant's device showed patentable novelty, although apparently a substantial and useful improvement.

No. 68. Patent Appeals. Submitted May 10, 1897. Decided May 25, 1897.

HEARING on an appeal from a decision of the Commissioner of Patents refusing a patent. *Affirmed.*

*Mr. Anthony Pollok* and *Mr. Philip Mauro* for the appellant.

*Mr. W. A. Megrath* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents rejecting the application of the appellant, William T. Barratt, for a patent for an alleged improvement by him in the construction of needle-cylinders for knitting-machines.

The invention which the applicant claims to have made, and which he desires to secure by letters patent, is decribed by him in his application and by the several tribunals of

the Patent Office, in their decisions in two several claims, as follows:

"1. In a knitting-machine the combination of upper and lower revoluble cylinders supported to have a space between their opposing edges, needles carried by said cylinders to cross each other on a line midway of the space between the cylinders, and a rim or flange depending from the upper cylinder within the upper edge of the lower cylinder and below the line on which the needles cross, substantially as and for the purpose specified.

"2. In a knitting-machine, the combination of upper and lower revoluble cylinders supported to have a space between their opposing edges, the upper cylinder having a recess formed in the inner portion of its lower edge, needles carried by said cylinders to cross each other on a line midway of the space between the cylinders, and a rim or flange fitted into the recess in the upper cylinder and extending downwardly within the upper edge of the lower cylinder and below the line on which the needles cross, substantially as and for the purpose set forth."

These counts differ only in this, that the first claim refers, broadly, to a rim or flange depending from the upper cylinder that has been mentioned, while the second claim is for a rim or flange fitted into a recess in this upper cylinder, and the alleged invention is in fact an improvement upon a previous invention for which letters patent were granted on July 8, 1891, to one William H. Carr. Reference was also made in the Patent Office to the invention of one Eugene Vermilyea in the same field of operation, for which letters patent were granted to him on June 8, 1889, and from which it is alleged that the present applicant took one element, which he applied to the invention of Carr, and which constituted his improvement upon the latter.

All the tribunals of the Patent Office have decided adversely to the applicant, on the ground that his improvement, while conceded to be a substantial and useful improvement,

is the result merely of mechanical ingenuity, and not the product of the inventive faculty, and for that reason is wanting in patentable novelty. On this issue he has appealed to this court.

There is no broad line of demarkation between the exercise of mechanical ingenuity and that of the inventive faculty, and it is not always easy to tell where the one begins and the other ends. In the meager record of the case before us that difficulty is enhanced by the fact that very much is left for us to conjecture as to the condition of the art to which this alleged invention appertains at the time when the improvement was devised, and the diagrams introduced into the record do not remove the difficulty. Without entering into details, we think that, while the appellant's device commends itself to our favorable consideration and may upon a judicial investigation, wherein proof is more fully supplied and the condition of the art more clearly set forth, be found entitled to the merit of patentable novelty, we should hesitate in this *ex parte* proceeding to reverse the concurrent decisions of all the tribunals of the Patent Office, which we think should not be done except in a very clear case. The present is not a clear case. At most, there is but a suspicion that the appellant's device may rise to the dignity of invention. Upon full proof in a court of equity, that suspicion may possibly become certainty. We have not now the data before us that would warrant us in so regarding it in this proceeding. The assumptions of counsel in their briefs and in their oral arguments are not in harmony as to the condition of the art; and it is not even clear that there is entire agreement as to what specifically constitutes the appellant's claim of invention in view of the condition of the art.

In view of these circumstances, leaving the appellant to his bill in equity, if he desires to have recourse thereto, we must affirm the decision of the Commissioner of Patents in the premises.

The clerk will certify this opinion and the proceeding in the cause to the Commissioner of Patents, to be entered of record in his office, according to law.            *Affirmed.*